Stuart JACOBSON, et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

Irwin S. ROSENBLOOM,
et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

Stuart JACOBSON, et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

Irwin S. ROSENBLOOM,
et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

Stuart JACOBSON, et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

Arnold K. FRALEY, et al., Plaintiffs,

v.

JONATHAN T. BROMWELL &
ASSOC., et al., Defendants.

Harold D. SCHNEIDER,
et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

Frank PARKS, et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

Dale HILL, et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

George M. TYSON; et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

Jennifer PASS, et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

Stacey A. CAREY, et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

Gerald D. SMALLING, et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

Stephen FENN, et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

Robert RIEHLE, et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

ARCON COATING MILLS,
INC., et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

Herman BERNSTEIN, et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

Michael PEPPER, et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

Gary OSSWALD, et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

Allan M. WALTER, et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

ED INDUSTRIES, INC., et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

C.S. LOZINSKI, et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

Donald T. RANNA, et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

Nos. 85 Civ. 2730(VLB), 85 Civ. 5502(VLB), 85 Civ. 9237(VLB), 85 Civ. 9682(VLB), 86 Civ. 1392(VLB), 86 Civ. 2779(VLB), 86 Civ. 4046(VLB), 86 Civ. 6659(VLB), 86 Civ. 8319(VLB), 86 Civ. 0307(VLB), 87 Civ. 2159(VLB), 87 Civ. 3819(VLB), 87 Civ. 7141(VLB), 88 Civ. 0836(VLB), 88 Civ. 2060(VLB), 88 Civ. 4199(VLB), 88 Civ. 6183(VLB), 89 Civ. 0178(VLB), 90 Civ. 1004(VLB), 90 Civ. 4522(VLB), 90 Civ. 7532(VLB), 91 Civ. 1935(VLB).

United States District Court,
S.D. New York.

Feb. 18, 1993.

Elizabeth Toll, Herbert Beigel, Beigel & Sandler, Ltd., New York City, for plaintiffs.

John Shields, Virag & Virag, New York City, for defendants Jonathan T. Bromwell & Associates, The Madison Library, Inc., Geoffrey Townsend Inc., Monroe Anthology, Inc., and Universal Pub. Resources.

Kevin J. Brennan, Dwyer & Brennan, New York City, for Gallen defendants.

Irving Cohen, pro se.

Marvin F. Rosenbaum, pro se.

Stuart C. Levene, Ford, Marrin, Esposito & Witmeyer, New York City, for third-party defendant David Dahl.

David Steckler, Rifkin Radler Dunne & Bayh, Uniondale, NY, for third-party defendant Arthur Taub.

Gerald T. Ford, Siff Newman Rosen & Parker, Newark, NJ, for third-party defendant Raymond Helvey.

Richard M. Fricke, Lilly Sullivan Purcell Barkan & Junge, P.C., New York City, for third-party defendant Albert Fosha.

Bernard Kraft, Bernard Kraft, P.A., Towson, MD, for third-party defendant Stephen Varanko.

Joel Sprayregen, Shefsky Saitlin & Froelich Ltd., Chicago, IL, for third-party defendant Ronald Chason.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

These twenty-three closely related securities actions, consolidated for the purpose of consideration of the motions I decided in

my memorandum order dated September 14, 1992, were dismissed with leave to re-plead on the grounds that under Fed. R.Civ.P. 9(b) the allegations of fraud were insufficiently pleaded. Plaintiffs now seek reconsideration of those dismissals.

I grant plaintiffs' motion for reconsideration. Plaintiffs having adduced no convincing arguments, I adhere to the memorandum order dated September 14, 1992 and reaffirm it for the reasons given there, as well as the additional reasons discussed below, with one exception: the memorandum order of September 14, 1992 is modified with respect to *Fraley v. Bromwell,* 86 Civ. 2779. My order of August 19, 1986 in that case denied the defendants' motion to dismiss on the ground that the second amended complaint was sufficient; that order will remain in effect.

## II

■ Plaintiffs urge that the policy behind the particularity requirements relating to allegations of fraud is satisfied with respect to the Cohen defendants: they assert that those defendants had acknowledged adequate notice of the charges against them by answering several earlier complaints that made the same allegations; and that the information obtained from the extensive discovery that has already occurred in this litigation supports the fraud allegation.

One of the major purposes of Rule 9(b), and the only purpose noted in *Todaro v. Orbit Internat'l Travel, Ltd.,* 755 F.Supp. 1229, 1234 (S.D.N.Y.1991), is that " '[t]he specificity requirements of Fed.R.Civ.P. 9(b) have been imposed to ensure that a defendant is apprised of the fraud claimed in a manner sufficient to permit the framing of an adequate responsive pleading.' " *Id.,* (quoting *United National Records, Inc. v. MCA, Inc.,* 609 F.Supp. 33, 39 (N.D.Ill.1984).

The complaint is the foundation document of the litigation and serves many functions:

(a) it protects the court system against claims that do not have merit;

(b) it permits the requirements of Fed. R.Civ.P. 11 to be applied in assessing whether there has been adequate investigation by the attorney for the plaintiffs in concluding that there are sufficient facts to justify proceeding in federal district court;

(c) it enables the court to evaluate the nature of the case as background for rulings that depend on relevancy, such as discovery decisions; and

(d) it provides a framework for structuring the trial as to estimated length, and as to the scope of the evidence which may be relevant and admissible.

Where the complaint is too vague, it will not serve these functions. Even if the defendants waived their objections by answering and failing to challenge similar if not identical earlier complaints, the court may relieve them of their waiver.

■ Furthermore, the issue of the sufficiency of the complaints I dismissed in the memorandum order of September 14, 1992 is effectively moot because plaintiffs have already filed a model complaint in *Fenn v. Cohen,* 88 Civ. 0836, as initial compliance with that order. The sufficiency of that complaint is, to be sure, yet to be tested, but it is appropriate at this stage to evaluate the sufficiency or insufficiency of that complaint, rather than to revisit the sufficiency or insufficiency of now-obsolete and previously dismissed pleadings.

## III

In lieu of further fine-tuning of the model complaint which has been served or of the submission of another twenty-one amended complaints, the plaintiffs are given leave to file a single consolidated complaint containing solely the allegations of the designated plaintiffs in the projected "bellwether" trial of claims arising from investments in five 1983 partnerships, pursuant to my orders of June 9, 1988 and subsequent relevant orders including those issued in August and September of 1989. Plaintiffs must provide the specificity called for by the factors set forth in my order of September 14, 1992.

Further rulings and pleadings with regard to the other cases are inappropriate pending filing of the consolidated com-

plaint. The motions of the Cohen and Gallen defendants to dismiss the amended complaint in *Fenn v. Cohen*, 88 Civ. 0836, and for other relief with respect to that case, are denied as moot.

The consolidated bellwether complaint may be filed within thirty days of the date of this order. Assuming that plaintiffs will in fact file such a complaint, I have set a conference in this case for April 13, 1993, at 11 a.m. to determine how this case will proceed to trial, including the scheduling of any motions. The parties are directed to discuss these matters prior to the conference and submit papers by April 6, 1993 on any issues where there is failure to agree. Such papers may include, where appropriate, memoranda of law not to exceed ten (10) pages. Plaintiffs are to notify all parties of the date of the conference and send a confirmatory letter to my chambers.

SO ORDERED.