**Ronald K. BRAMESCO, Plaintiff,**

v.

**DRUG COMPUTER CONSULTANTS and C. Pannuti, Defendants.**

No. 93 Civ. 0923 (VLB).

United States District Court, S.D. New York.

May 28, 1993.

Ronald Bramesco, Mahopac, NY, for plaintiff.

Carl Pannuti, Drug Computer Consultants, Scarsdale, NY, party purporting to have been served with defective summons.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

Plaintiff in the above case, appearing *pro se*, has moved for granting judgment in his favor based on lack of a response on the part of defendants, and a copy of proof of service (not the required original). This copy, in turn, reflects service of a summons (but no complaint) upon the individual defendant in the above case on March 3, 1993.

The summons involved is deficient in several respects:

(1) It sets forth no time period during which an answer is due, despite a blank space in the summons form calling for this information.

(2) It contains no indication as to where or upon whom any answer to the summons should be served, despite a separate blank space for such information.

(3) It is not accompanied by a copy of the complaint, despite a requirement in Fed. R.Civ.P. 4(a) that the complaint be served promptly.

(4) The summons contains no clue as to the nature of plaintiff's complaint and hence does not even do duty as a surrogate for the complaint, a procedure not permitted in this court, although allowed at some times in

691

state court despite the confusion frequently generated.[1]

At this juncture, far from being in a position to move for a default judgment, plaintiff has failed to fulfill the elementary threshold requirements for pursuing federal litigation. Such disregard wastes the time of the court, contrary to Fed.R.Civ.P. 1 and the objectives of the Judicial Improvements Act of 1990, Public Law 101–650, 104 Stat. 5089. Such conduct also unfairly inconveniences adversaries who cannot respond properly to an improperly pursued suit.

As is evident from plaintiff's application for default judgment, he purports to be knowledgeable in legal procedure, using correctly phrased although inapplicable legal language, citing rules and statutory provisions as well as one appellate decision. Plaintiff is not incarcerated.

Plaintiff is, in view of his legal knowledge and his conduct, not entitled to leniency because of his choice to represent himself. There is no excuse for choosing to ignore plain requirements of the rules, and those set forth on the face of forms plaintiff asks a sheriff to serve.

Plaintiff's motion for default judgment is denied. Should further obviously improper documents be filed by plaintiff, this case will be dismissed for lack of proper prosecution pursuant to Fed.R.Civ.P. 41.

In light of the confusion already generated by incomplete forward passes initiated by plaintiff in this case, and his evident knowledge of legal rules and of the location of the intended defendants, should plaintiff wish to pursue this case he must serve a valid, completely filled in summons and copy of the complaint on all defendants against whom he wishes to proceed within 30 days of the date of this memorandum order.

SO ORDERED.

1. See *Gallagher v. Donald,* 803 F.Supp. 899 (S.D.N.Y.1992).