**Ronald K. BRAMESCO, Plaintiff,**

v.

**DRUG COMPUTER CONSULTANTS and C. Pannuti, Defendants.**

**No. 93 Civ. 0923 (VLB).**

United States District Court, S.D. New York.

Oct. 23, 1993.

Ronald Bramesco, Mahopac, NY, pro se.

Jonathan P. Arfa, Hawthorne, NY, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This case presents the question of inclusion of individual natural persons in suits against corporate entities where no separate individual wrongdoing is claimed. It also presents questions of the proper treatment of employment discrimination complaints brought under the wrong statute, accompanied by related claims supported by no specific facts.

### II

Plaintiff in the above case, appearing *pro se,* has filed a complaint on a form relating to the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e, attaching an age discrimination charge filed with the New York Division of Human Rights and stating in the sole narrative portion of the complaint (¶ 9):

> "I was terminated in part because I was about to become eligible for health & welfare benefits, & in violation of ERISA 29 USC Sec 1140. I also believe Carl Pannuti and Drug Computer Consultants published falsehoods about me, which injured my reputation and interfered with my ability to find suitable employment, which I believe is defamation and slander."

The State Division determined on September 3, 1992 that there was "no evidence that

Complainant's age was a factor in the decision to terminate his employment."[1]

Defendants have moved to dismiss on grounds that the court lacks subject matter jurisdiction, that the complaint fails to state a claim on which relief can be granted (Fed. R.Civ.P. 12(b)(6)) and that no facts have been alleged which could support a claim against the individual defendant. I grant defendants' motion to dismiss all claims contained in plaintiff's complaint except the age discrimination claim against the corporate defendant.

In granting the defendants' motions in part, I have excluded the affidavit and other material submitted by defendants outside the pleading presented. Accordingly, I do not convert defendants' motions to dismiss into motions for summary judgment under Fed. R.Civ.P. 12(b).

The corporate defendant may without further leave file a motion for summary judgment with respect to the surviving claim upon proper notice to plaintiff that such a motion is being presented. Any such motion should provide affidavits and copies of any relevant documents concerning the reasons for plaintiff's termination and non-reinstatement, the hiring of replacements, and the age compensation of employees for relevant periods.

### III

Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e, and 42 U.S.C. 1981 *et seq.* deal principally with invidious discrimination based on race, color, religion, gender, or national origin, and with conduct violating federal rights under color of state law. These provisions do not deal explicitly, or in most circumstances even by implication, with age discrimination as such or in private employment. The complaint cannot be regarded as stating a claim under those laws.

■ The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621 *et seq.,* does deal with age discrimination in private employment, and allegations amounting to

charges of violation of that Act were contained in plaintiff's submission to the New York State Division of Human Rights, which I find was intended to be incorporated in the complaint. The Federal Rules of Civil Procedure do not require a correct citation to the governing statute, provided that the facts alleged in the complaint state a claim upon which relief can be granted (Fed.R.Civ.P. 12(b)(6)). And under Fed.R.Civ.P. 8(f), all "pleadings shall be so construed as to do substantial justice."

The facts alleged, although lacking in the degree of specificity desirable in pleadings seeking to state a claim upon which relief can be granted, are by the narrowest of margins barely sufficient to call on the corporate defendant to respond to plaintiff's age discrimination claim. Some of the kinds of information I would expect the corporate defendant to furnish in order to challenge plaintiff's claim are suggested in part II above.

### IV

■ The complaint contains no narrative concerning any ERISA violations or defamation except as quoted above. It sets forth no facts of any kind referring to a funded employee benefit plan covered by ERISA, and no indication of what defamatory statements, if any, were made concerning the plaintiff, when they were made, or to whom they might have been made. These portions of the complaint do not set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed.R.Civ.P. 8(a)(2), and are vulnerable to dismissal under Fed.R.Civ.P. 12(b)(6).

These claims are so bereft of factual content that I do not grant leave to replead, but I note that the dismissal is solely on the grounds that the complaint fails to state a claim and not on the underlying merits, if any. At least some facts must be set forth for a complaint to be treated as such. See *Barnes Landfill v. Town of Highland,* 802

---

1. For prior history of this litigation, see *Bramesco v. Drug Computer Consultants,* 148 F.R.D. 690

(S.D.N.Y.1993).

F.Supp. 1087 (S.D.N.Y.1992); *Jacobson v. Cohen,* 146 F.R.D. 95 (S.D.N.Y.1993).

V

■ No specific allegations of age discrimination are made against the individual defendant. Potential liability of an entity does not necessarily imply vulnerability to suit on the part of its officers, directors or owners. See *Pittsburgh Terminal Corp. v. Mid Allegheny Corp.,* 831 F.2d 522, 525 (4th Cir.1987) and cases cited (relating to long-arm jurisdiction); *Allen v. City of Yonkers,* 803 F.Supp. 679 (S.D.N.Y.1992) (civil rights suit).

■ Title VII and the ADEA are directed toward employers, not individual natural persons who are not themselves employers, at least absent separate intentional misconduct. See *Miller v. Maxwell's International,* 991 F.2d 583 (9th Cir.1993).

Congress in the public sector context has recognized that liability of individual personnel for acts attributable to an institutional entity can have an undesirably chilling effect on the ability of the entity to perform its functions. A recent federal statute limiting individual liability of governmental employees, Public Law 100–694, 1023 Stat. 4563 (1988), enacting 28 U.S.C. § 2679(b) and modifying the result in *Westfall v. Erwin,* 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), was explained in part in H.Rep. No. 700, 100th Cong., 2d Sess., reprinted in 1988 U.S.Code Cong. & Admin. News 5945, 5947 as follows:

> The possible exposure of Federal employees to personal liability could lead to a substantial diminution in the vigor of Federal law enforcement and implementation.

Similarly, exposure of private sector employees to personal liability may interfere with the functions of their employers; on the other hand, ignoring misconduct not effectively remedied by suit against the employer could lead to a substantial diminution of law enforcement under Title VII and the ADEA.

■ Where a solvent organizational party is liable for any acts done on its behalf by a natural person, and no unique claims not chargeable to the organizational entity are brought against the natural person, absent other special circumstances plaintiff gains nothing apart from consumption of time and creation of bitterness by inclusion of the individual as a defendant. Pursuant to the objectives of speedy, inexpensive and just determination of every action set forth in Fed.R.Civ.P. 1, sentence 2, and those inherent in the Judicial Improvements Act of 1990, Public Law 101–650, 104 Stat. 5089, enacting 28 U.S.C. § 473, such natural person defendants should not be included purely and simply because they might possibly be subject to suit. There is no suggestion here that plaintiff has a separable individual claim against the individual defendant, or that plaintiff would be prejudiced in any way by dropping the individual defendant from the case. Plaintiff's papers suggest no such separable claim and no such prejudice.

SO ORDERED.