BARNES LANDFILL, INC., Plaintiff,

v.

TOWN OF HIGHLAND,
et al., Defendants.

No. 91 Civ. 5410 (VLB).

United States District Court,
S.D. New York.

Oct. 2, 1992.

Jonathan P. Nye, Whiteman, Osterman and Hanna, Albany, N.Y., for plaintiff.

David A. Engel, Burke, Cavalier, Lindy & Engel, Albany, N.Y., for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

This case is a private action under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, as amended by the Superfund Amendment and Reauthorization Act of 1986 ("SARA"), brought by the lessee and operator of a landfill facility against thirty-three defendants, most of whom contributed to plaintiff's

landfill.[1] The plaintiff has asserted federal claims derived from the alleged release or threat of release of hazardous substances and the migration or threat of migration from soil and groundwater at the landfill, seeking reimbursement for past and future response costs and a declaratory judgment of liability as to such costs. In addition, plaintiff has included a pendent state common law claim for restitution. Many of the defendants have joined in a motion to dismiss all three claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

■ Plaintiff's primary claim is that the defendants are jointly and severally liable for response costs incurred by plaintiff in meeting the congressional mandate for protecting the environment from the disposal of solid waste that contains hazardous substances. To withstand a motion to dismiss a private-party claim under CERCLA (42 U.S.C. § 9607), the plaintiff must establish a *prima facie* cause of action consisting of five elements: (1) the defendant falls within one of the four classes of responsible parties defined in § 9607(a); (2) the site is a facility; (3) there is a release or threatened release of hazardous substances at the facility; (4) the release or threatened release of a hazardous substance must cause the plaintiff to incur "response costs;" and (5) the costs and response actions are consistent with the National Contingency Plan set up under CERCLA and administered by the Environmental Protection Agency ("EPA"). See 42 U.S.C. § 9607(a); *B.F. Goodrich Company, et. al v. Harold Murtha, et. al.,* 958 F.2d 1192 (2d Cir.1992); see also *Dedham Water Co. v. Cumberland Farms Dairy, Inc.,* 889 F.2d 1146, 1150 (1st Cir.1989).

■ Defendants have challenged the sufficiency of the allegations in the complaint with respect to elements (3) and (4). CERCLA § 9607(a) pertains to "hazardous substances," which are defined in the statute at 42 U.S.C. §§ 9601(14) and 9602(a). Despite this specific guidance to responsible parties as to which substances are or may be designated as hazardous, plaintiff's allegations refer only to "hazardous substances" without in any instance naming what those substances are or might be. See, e.g., Amended Complaint, paras. 40, 45. Even if plaintiff were to name specific substances, blanket allegations against all defendants do not provide any defendant with adequate notice of that defendant's potential liability.[2]

■ In addition, plaintiff's allegation that it has spent approximately $2 million on "closure costs to abate the alleged release of hazardous substances" without further detail is conclusory. It is only costs caused by the hazardous substance response for which defendants can be held liable under federal law. Ordinary closing or clean-up costs not pertaining to hazardous substances, incurred under state law or otherwise, would not be a basis for holding defendants responsible under CERCLA. Here, no specific hazardous substances and no breakdown of costs incurred because of them, as opposed to other closing or clean-up costs, are set forth in the complaint.

Given the large number of defendants involved and the complexity of the litigation which would be generated, amounting to the equivalent of a class action for many purposes, more of a showing of concrete facts supporting the CERCLA claims should be required before allowing this case to go forward, in order to assure that there is some factual basis for having initiated the litigation. Because of the importance of environmental protection manifested in the legislation involved here, it is

---

1. Plaintiff initiated this suit against seventeen defendants but named another sixteen in an amended complaint.

2. Thus, there should be some indication that a particular defendant contributed hazardous waste, not merely waste, to the landfill. In a private case such as this where there is no safeguard in the form of impartial governmental evaluation of whom should be sued, but rather a monetary incentive to bring suit, it would be inappropriate for an entity known to contribute only paper or kitchen garbage to be made a defendant merely because heavy metal was in the material found in a dump site. See generally, *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 253 (2d Cir.1985).

particularly crucial that judicial intervention be founded on adequate factual allegations.

The motion to dismiss the complaint is granted on the grounds of vagueness, with leave to replead within 45 days.[3] Because the weaknesses in the complaint are equally applicable to all defendants, the complaint is dismissed as to all defendants.

SO ORDERED.

---

3. If plaintiff elects to replead, consideration may be required as to whether or not, in order to show injury, plaintiff must establish the extent, if any, to which the environmental problems alleged in the complaint were reflected in a reduced or discounted rent paid for possession of the landfill. To the extent, if any, that they were so reflected, query whether plaintiff may claim damages. See generally *Illinois Brick Co. v. Illinois,* 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977); *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.,* 429 U.S. 477, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977); *Atlantic Richfield Co. v. USA Petroleum,* 495 U.S. 328, 110 S.Ct. 1884, 109 L.Ed.2d 333 (1990); see also Trevaskis, *Measure of Damages for Regulatory Takings,* 3 Probate & Property # 2 at 17 (ABA Mar./Apr. 1989).