Dr. Edward A. MYERS, Plaintiff,

v.

**COUNTY OF ORANGE, Francis D. Phillips, II, District Attorney, City of Port Jervis, and four other named individual defendants, Defendants.**

No. 94 Civ. 4363 (VLB).

United States District Court, S.D. New York.

Dec. 14, 1994.

**556**

Robert N. Isseks, Goshen, NY, for plaintiff.

Richard B. Golden, County Atty., Goshen, NY, for Orange County & Dist. Atty.

Rosenstein & Helhoski, Middletown, NY, for other defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

■ This case brought under 42 U.S.C. § 1983 involves alleged discrimination against plaintiff in connection with investigations by police and decisionmaking of prosecutors because plaintiff was the second to complain rather than the first in relation to a controversy turned bitter between plaintiff and other residents of Orange County.[1] Plaintiff was prosecuted and later acquitted.

Evidence has been produced that a policy known as "first-come, first served" favors rejecting any subsequent complaints by a person named as a wrongdoer in a prior related citizen complaint.[2]

Plaintiff moves for partial summary judgment against all defendants concluding that the policy did exist and was unlawfully applied to plaintiff; the County and District Attorney have moved to dismiss the complaint on grounds of prosecutorial immunity.

The District Attorney's motion is granted to the extent of dismissing the complaint against him on grounds of absolute prosecutorial immunity to the extent the complaint seeks money damages from him in his individual capacity.

■ Plaintiff's motion is granted to the extent that I determine, as set forth in greater detail in part II of this memorandum order, that any general policy favoring an initial complainant over a later without giving primary regard to the particular facts involved, violates the Fourteenth Amendment of the Constitution of the United States. In all other respects plaintiff's motion is denied without prejudice.[3]

### II

■ Any "arbitrary and irrational discrimination violates the Equal Protection Clause" of the Fourteenth Amendment under even the "most deferential standard of review." *Bankers Life & Cas. Co. v. Crenshaw,* 486 U.S. 71, 83, 108 S.Ct. 1645, 1653, 100 L.Ed.2d 62 (1988). The critical question in regard to any differentiation between people is "whether there is an appropriate governmental interest suitably furthered by the differential treatment." *Police Dept. v. Mosley,* 408 U.S. 92, 95, 92 S.Ct. 2286, 2290, 33 L.Ed.2d 212 (1972).

■ Due process as protected by that Amendment requires that there be an opportunity to be heard "at a meaningful time in a meaningful manner" when, as here, one's liberty is at stake. *Patterson v. Coughlin,* 761 F.2d 886, 890 (2d Cir.1985).

Any blanket policy disfavoring subsequent complainants once an initial citizen complaint has been made runs counter to these constitutional principles. A second complaint might be acting to retaliate or divert atten-

---

1. The acts of the district attorney as a public official are subject to public scrutiny and hence his name is not removed from the caption of this memorandum order. See *New York Times v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). The names of other natural person defendants are omitted to avoid unnecessarily placing their names in data bases. See *Christiana v. Metropolitan Life,* 839 F.Supp. 248 (1993).

2. In considering such evidence, I decline to consider any informal comments of counsel during off-the-record pretrial conferences. To consider such comments would have a chilling effect on the open discussion necessary to promote the "just, speedy and inexpensive" determination of the action. Fed.R.Civ.P. 1.

3. Plaintiff's motion is denied with prejudice to the extent it relates to monetary claims against the district attorney.

tion from wrongdoing. It is equally plausible that an initial complainant may make a complaint to forestall investigation, or for vindictive reasons. In either case, the factual pattern rather than who complains first properly guides subsequent police or prosecutorial investigation or action.

No justification for such a policy has been presented. Absence of any confirms the impropriety of discrimination of this type which plainly injures an individual second-complainer. Such a policy does more to injure than to serve any public interest. A first-come-first served policy also runs contrary to the objectives of law enforcement to protect the public, since it inhibits collection of the fullest possible information from all sources relating to a potentially criminal incident.

## III

 A prosecutor cannot function effectively if in fear of personal liability for decisions which can be second guessed after the event.[4] The district attorney here is protected by absolute immunity against claims for damages against him in his individual capacity. *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); *Dory v. Ryan,* 25 F.3d 81 (2d Cir.1994).

There is no indication here that any prosecutor directly and personally tilted an investigation to come out in favor or against any particular party, or engaged in falsification of evidence or other behavior justifying invocation of an investigative function exception to such immunity. See *Buckley v. Fitzsimmons,* —— U.S. ——, ——, 113 S.Ct. 2606, 2716, 125 L.Ed.2d 209 (1993).

Prosecutorial immunity is personal; no argument is made as to why it should extend to any of the institutional defendants. Since questions of injunctive relief were not raised by the parties, nor is it clear whether or not any continuing policy survive part II of this memorandum order, there is no occasion to consider any immunity of any defendant from such relief.[5]

## IV

Counsel for defendants are requested to furnish within fifteen (15) days of the date of this memorandum order an unambiguous forthright affidavits by all relevant current authorities at the County, City, Police Department and District Attorney levels concerning whether or not any policy directly or indirectly favoring pursuit of complaints by first complainers to police over complaints by subsequent complainers is continuing as of this time. Failure to do so may be the basis of an adverse inference regarding the existence and continuity of such a policy.

SO ORDERED.

---

4. See more generally, *Archer v. Globe Motorists,* 833 F.Supp. 211 (S.D.N.Y.1993).

5. To the extent an institutional entity is responsible, plaintiff's counsel is directed to reconsider the appropriateness of retaining each individual defendant as a party. See *Archer, supra.*