**Ouida Pauline ARCHER, Plaintiff,**

v.

**GLOBE MOTORISTS SUPPLY CO., INC., et al., Defendants.**

**No. 92 Civ. 9511 (VLB).**

United States District Court, S.D. New York.

May 25, 1993.

---

212

Wayne Outten, Lankenau Kovner & Kurtz, New York City, for plaintiff.

Leonard Rodney, Levy, Rodney & Schneps, Manhasset, NY, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Defendants in this employment discrimination case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") move for summary judgment on the grounds that the suit is untimely and that defendants did not have the requisite fifteen (15) employees during the times necessary for coverage of plaintiff's complaint.

I deny defendants' motion to dismiss the complaint; for reasons set forth below, I deem the individual defendants dropped without prejudice to a motion by plaintiff to amend the complaint to add them, if reasons for piercing the corporate veil or sufficiently detailed factual allegations of specific personal (not vicarious) wrongdoing on their part are made.

### II

■ Time limitations in employment discrimination cases are important to inhibit suits brought as afterthoughts or when evidence has become stale, causing prejudice to the defendants. In cases of substantial delay, these limitations must be strictly enforced. See *Wojik v. Postmaster General,* 814 F.Supp. 8 (S.D.N.Y.1993). They are not, however, jurisdictional and can be tolled where confusion may have been caused without the fault of the party whose claim is sought to be barred. *Zipes v. TWA,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

■ Where notice by mail is used, particular vigilance is important to avoid loss of parties' rights due to delays in the Postal Service or confusion as to the precise time of mailing or receipt. *Cruz v. Sullivan,* 802 F.Supp. 1015 (S.D.N.Y.1992); see *Rivera v. M/T Fossarina,* 840 F.2d 152, 155 (1st Cir. 1988); *American Postal Workers Union v. USPS,* 830 F.2d 294 (D.C.Cir.1987); Barring-er, "What Can Go Wrong in Census? 2.3 Million Undelivered Packets," N.Y. Times, April 5, 1990 at A18; Sloane, "When the Check is NOT in the Mail," N.Y. Times, Feb. 29, 1992 at 52.

■ Fed.R.Civ.P. 6(e) provides for an additional three days of grace where notice is given by mail, a rule which has persuasive relevance to notice in any legal context. The precise timing of relevant documents, which may be important in determining whether plaintiff's suit is timely under 42 U.S.C. § 2000e–5(e) and (f)(1) is unclear from the parties' submissions, is dependent upon conflicting inferences, and appears to admit of genuine dispute. At this juncture I cannot determine that no genuine issue of material fact in regard to timeliness exists.

### III

■ The status of the individual defendants as owners or supervisors does not automatically remove them from the category of employees under the relevant statutes. See *Hyland v. New Haven Radiology Associates,* 794 F.2d 793 (2d Cir.1986). Defendants do not deny that if the individual defendants are counted, the statutory threshold of fifteen employees during the relevant period is satisfied. Consequently, a genuine issue of material fact exists with regard to coverage.

### IV

■ Potential liability of an entity does not necessarily imply vulnerability to suit on the part of its officers, directors or owners. See *Pittsburgh Terminal Corp. v. Mid Allegheny Corp.,* 831 F.2d 522, 525 (4th Cir.1987) and cases cited (relating to long-arm jurisdiction); *Allen v. City of Yonkers,* 803 F.Supp. 679 (S.D.N.Y.1992) (civil rights suit). Title VII and the ADEA are directed toward employers, not individual non-employer natural persons, at least absent intentional misconduct. See *Miller v. Maxwell's International,* 991 F.2d 583 (9th Cir.1993).

■ The position successfully taken by plaintiff in sustaining the complaint against defendants' motion asserting lack of coverage

involves characterizing the individual defendants here as employees. As such, they cannot routinely or automatically be deemed liable for any improper employment practices of an institutional entity.

Congress in the public sector context has recognized that liability of individual personnel for acts attributable to an institutional entity can have an undesirably chilling effect on the ability of the entity to perform its functions. A recent federal statute limiting individual liability of governmental employees, Public Law 100–694, 1023 Stat. 4563 (1988), enacting 28 U.S.C. § 2679(b) and modifying the result in *Westfall v. Erwin*, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), was explained in part in H.Rep. No. 700, 100th Cong., 2d Sess., reprinted in 1988 U.S.Code Cong. & Admin.News 5945, 5947 as follows:

> The possible exposure of Federal employees to personal liability could lead to a substantial diminution in the vigor of Federal law enforcement and implementation.

Similarly, exposure of private sector employees to personal liability may interfere with the functions of their employers; on the other hand, ignoring misconduct not effectively remedied by suit against the employer could lead to a substantial diminution of law enforcement under Title VII and the ADEA.

In order for plaintiff to pursue this suit against the individual defendants if so minded, adequate specific allegations to support such action will be necessary. For example, sufficiently detailed[1] allegations of individualized personal misconduct as opposed to vicarious responsibility might in a proper case support individual liability. Likewise, if the employer in the present case is undercapitalized and for that reason unlikely to be able to pay any judgment, a basis for penetrating the corporate veil may exist. See *Lowen v.*

*Tower Asset Management*, 653 F.Supp. 1542, 1551–56 (S.D.N.Y.), *aff'd*, 829 F.2d 1209 (2d Cir.1987); *Amway Corp. v. Shapiro Export Co.*, 102 F.R.D. 564 (S.D.N.Y.1984); 1 W. Fletcher, *Cyclopedia of Corporations* § 44 (rev. perm. ed. 1983); Gelb, "Piercing the Corporate Veil—the Undercapitalization Factor," 59 Chi–Kent L.Rev. 1 (1982).

If any of these or similar factors support personal liability and if plaintiff elects to seek to expand the litigation in that manner,[2] a motion to amend the complaint to add individual defendants may be filed without further leave, accompanied by a memorandum of law not to exceed ten (10) pages.

SO ORDERED.

---

1. See *Barnes Landfill v. Town of Highland*, 802 F.Supp. 1087 (S.D.N.Y.1992).

2. Pursuant to the objectives of speedy, inexpensive and just determination of every action set forth in Fed.R.Civ.P. 1, sentence 2, and those inherent in the Judicial Improvements Act of 1990, Public Law 101–650, 104 Stat. 5089, enacting 28 U.S.C. § 473, additional defendants should not be added purely and simply because they might possibly be subject to suit.

Instead, plaintiff should evaluate whether or not potential additional defendants might be liable if other defendants already in the case might not be liable, and whether or not potential additional defendants may be able to pay a judgment where others already in the case could not. If the answers to these questions are negative, the purpose of the addition should be reexamined based on plaintiff's interest in moving her case as well as on the requirements of Fed.R.Civ.P. 11.