Robert **CHAMBERS**, Plaintiff,

v.

**CAPITAL CITIES/ABC**, Daniel Burke, and Robert Callahan, Defendants.

No. 93 Civ. 6461 (VLB).

United States District Court, S.D. New York.

April 7, 1994.

544

John F. Carney, Carney & McKay, Pelham, NY, for plaintiff.

Dennis A. Lalli, Kauf, McClain & McGuire, New York City, for defendants.

Neil M. Corwin, David B. Goldin, Office of Corp. Counsel, New York City, for City of New York, amicus curiae.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

The jurisdiction of this court under 28 U.S.C. 1331 is invoked in a complaint setting forth claims under the Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq.* ("Age Discrimination Act"), including the Fair Labor Standards Act as referred to in 29 U.S.C. 626(b). The complaint also alleges pendent state claims asserting liability under the New York State Human Rights Law (Executive Law § 290 *et seq.*) and the New York City Human Rights Law (N.Y.C. Administrative Code § 8–101 *et seq.*) ("City law"). The City law provides in § 8–502(a):

> Except as otherwise provided by law, any person claiming to be aggrieved by an unlawful discriminatory practice ... shall have a cause of action in any court of competent jurisdiction for damages, including punitive damages ... unless such person has filed a complaint with the [City Commission on Human Rights], or with the [State Division of Human Rights] with respect to such alleged unlawful discriminatory practice.

Motions have been filed by defendants to dismiss the complaint (a) as to the pendent state and City law claims (the "pendent claims") as inappropriately joined; (b) in the alternative to dismiss the claim under the City law as impermissible in whole, and as to punitive damages; (c) as to Daniel Burke and Robert Callahan ("individual defendants");

and (d) as to the Fair Labor Standards Act claim.

These motions are disposed of as follows:

(a) the claim under the City law is dismissed to the extent that it seeks punitive damages;

(b) dismissal of the pendent claims as inappropriately joined is denied, as is the application to dismiss as impermissible the entire claim under the City law;

(c) the claims against the individual defendants are dismissed under conditions set forth below;

(d) the Fair Labor Standards Act claim is dismissed as a separate claim, but relief may be obtained as set forth in 29 U.S.C. 626(b) if a violation of the Age Discrimination Act is established.

All other applications of the parties including requests for sanctions are denied without prejudice.

## II

■ Supplemental jurisdiction is provided by 28 U.S.C. 1367 whenever a state law claim is part of the same case or controversy as the claim over which the federal court has original jurisdiction. This criterion fits the current state and City law claims. See *Promisel v. First American Artificial Flowers*, 943 F.2d 251 (2d Cir.1991), *cert. denied* —— U.S. ——, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992). Duplicative litigation at multiple levels of government involving the same facts are contrary to the objectives of the Supplemental Jurisdiction Act and the public interest.

Defendants have pointed out possible risks of confusion at trial; these can be dealt with at trial or in a pretrial order under Fed. R.Civ.P. 16. Conflicts between objectives or remedies among the various statutes are better dealt with by appropriate construction of each, or by restricting the application of some if necessary, rather than by permitting simultaneous overlapping lawsuits.

## III

■ The City of New York has broad authority to impose and enforce rules which may supplement but not interfere with state or federal law. *New York State Club Ass'n v. City of New York*, 69 N.Y.2d 211, 513 N.Y.S.2d 349, 505 N.E.2d 915 (1987).

■ The City has not, however, to date been held by appellate courts to be empowered to create private rights of action enforceable in state or federal courts—although City enactments may of course be considered by those courts as relevant sources of law. See *Hofbauer v. Northwestern National Bank*, 700 F.2d 1197, 1201 (8th Cir.1983); *Mendel v. Production Credit Ass'n*, 862 F.2d 180 (8th Cir.1988). The procedure for private civil suits under the state system is covered in depth by the New York Civil Practice Law & Rules, which provides for numerous procedural options, none of which includes punitive damage suits by private parties based on violation of City ordinances or regulations.

Neither the federal Age Discrimination Act nor the New York State Human Rights Law (Executive Law § 297[9] ) provide for punitive damages. *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 147–48 (2d Cir.1984); *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1190–91 (2d Cir.1992); *Thoresen v. Penthouse International*, 80 N.Y.2d 490, 494, 591 N.Y.S.2d 978, 979, 606 N.E.2d 1369, 1370 (1992).

The issues of state law regarding whether the City law collides with the State Human Rights law are best addressed by state courts, at least in the first instance.[1] These issues need not be reached in the present case because the City law, if construed to authorize punitive damages, would collide with the purposes of federal law.

The Federal Age Discrimination Act contains neither a preemption provision, nor a provision expressly authorizing inconsistent state action. This means that states or their instrumentalities are free to act as they see fit provided the objectives of the federal law are not frustrated.

---

1. It is not necessary to canvass here the status of litigation concerning these points in state court, which has not yet reached the appellate level as of this writing.

■ Neither state nor local laws can be enforced in such wise as to "undercut" the objectives of federal laws, *Ft. Halifax Packing Co. v. Coyne*, 482 U.S. 1, 20, 107 S.Ct. 2211, 2222, 96 L.Ed.2d 1 (1987). They cannot be implemented in a way which causes "interference with policies implicated by the structure" of federal statutes. *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 749, 105 S.Ct. 2380, 2394, 85 L.Ed.2d 728 (1985).

Federal labor law as set forth in Title 29 U.S.C. (which contains the Age Discrimination Act) encourages consensual resolution of "issues between employers and employees through the processes of conference" as well as "collective bargaining between employers and the representatives of their employees." 29 U.S.C. 171(a). Similarly, federal antidiscrimination law encourages use of informal settlement efforts prior to litigation (see 42 U.S.C. 2000-e).

The addition of punitive damages to a remedial structure would be a major shift encouraging litigation rather than settlements: the City law in fact explicitly bars its own application, including claims for punitive damages, if a complaint has been filed with either the City Commission on Human Rights or the State Division of Human Rights.

The presence of punitive damage incentives for pursuing lawsuits to the bitter end, combined with the City law's specific discouragement of resort to agencies which can mediate disputes, would undermine the federal objectives. Inclusion of punitive damages in such circumstances would tend to obliterate resort to mediation and cause the City law to trump all other antidiscrimination laws, driving out resort to their procedures.

## IV

■ The parties have submitted detailed arguments concerning whether or not an executive employee of a large corporate employer can become liable for alleged corporate violations of the Age Discrimination Act. This question is far from free from doubt. See *Miller v. Maxwell's International*, 991 F.2d 583 (9th Cir.1993). It is not necessary, however, to reach that question in the pres-

ent case at the present time. In the specific circumstances of this case inclusion of non-corporate defendants is not necessary to provide full relief to the plaintiff if successful, but would add complexity to the litigation.

■ The Supreme Court promulgated (and Congress after receiving notice permitted to become effective on December 1, 1993) an amendment to Rule 1, sentence 2 of the Federal Rules of Civil Procedure, which now provides that the Rules:

> ... shall be construed *and administered* to secure the just, speedy and inexpensive determination of every action.

(emphasis reflects additional language added in 1993).

The purposes set forth in Rule 1 would be prejudiced if the complexity of litigation is increased through inclusion of additional defendants not needed for just adjudication as set forth in Rule 19, where those additional defendants are not necessary so that "complete relief" can "be accorded" to the other parties as set forth in Fed.R.Civ.P. 19(a)(1). The potential confusion, delay and expense involved in a litigation may, indeed, grow by a large or even geometric multiple of the number of parties involved.

Where a solvent institutional entity would be fully responsible for any wrongdoing charged in a complaint, the addition of natural person defendants is a proper subject of scrutiny pursuant to the objectives of Rule 1 and of the Judicial Improvements Act of 1990, Public Law 101–650, 104 Stat 5080, enacting 28 U.S.C. 473. Here, plaintiff has offered no significant reason (other than potential tactical advantages at trial) for including any of the non-corporate defendants. Their inclusion is contrary to the goals of Rule 1 and their dismissal consistent with Rule 19, as was the case in *Archer v. Globe Motorists Supply Co*, 833 F.Supp. 211 (S.D.N.Y.1993).

The complaint as to the natural person defendants is dismissed without prejudice to an application to add them should it be established that complete relief cannot otherwise be obtained, and provided that the natural person defendants will be subject to discov-

ery to the same extent as if they remained parties.[2]

## V

The Age Discrimination Act in 29 U.S.C. 626(b) provides that a violation of it is also a violation of the Fair Labor Standards Act (FLSA). The reference does not create an independent claim but merely makes specified remedies available. The complaint's claim under the FLSA is dismissed as a separate ground for relief, but relief as set forth in 29 U.S.C. 626(b) may be obtained as provided in that section if a violation of the Age Discrimination Act is shown.

SO ORDERED.

---

**2.** Rulings adding or removing claims or parties may be conditioned to the extent fair to all of those involved and necessary to the ends of justice. See *Stringfellow v. Concerned Neighbors,* 480 U.S. 370, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987) (intervention); *Jean–Marie v. Wheels, Inc.,* 1992 WL 358794, 1992 U.S. Dist. LEXIS 17964 (S.D.N.Y.1992) (third party complaint).