**D.C. PERRY, Plaintiff,**

v.

**ICN PHARMACEUTICALS, et al., Defendants.**

Nos. 86 Civ. 6776 (VLB), 89 Civ. 2838 (VLB).

United States District Court, S.D. New York.

Sept. 20, 1994.

Order for Arbitration Oct. 28, 1994.

Peter A. Dankin, McPheters & Dankin, New York City, for plaintiff.

Andrew Sidman, Butler, Fitzgerald & Potter, P.C., New York City, for defendants Prudential Securities and John McEnroe.

Clifford A. Saffron, Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendant ICN Pharmaceuticals.

Richard Spiers, New York City, for defendant Joseph Carlin.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Plaintiff D.C. Perry ("Perry") was originally a potential member of a class on behalf of which suit had been brought against ICN Pharmaceuticals ("ICN") and various financial firms and their personnel based upon alleged securities violations growing out of asserted misinformation regarding ICN.[1] Perry has now opted out of the class action.[2] Defendants Prudential Securities Incorporated ("Prudential") and its employee John McEnroe (collectively the "moving defendants") have moved to compel arbitration of Perry's claims against them and to stay this litigation with respect to Perry's claims against them pending such arbitration. The motion is granted; the moving defendants are directed to submit a proposed order upon notice. Plaintiff has moved for adoption of a discovery schedule; that motion is denied as moot.

### II

■ It is undisputed that on or about December 5, 1986, plaintiff signed a broadly phrased arbitration agreement applicable to his current claims. See Affidavit of Andrew Sidman (7/26/94) ¶ 21 at 7–8. Instead, plaintiff contends that referral of his claims to arbitration has been waived by litigation activity on the part of the moving defendants, and would unfairly prejudice plaintiff.

---

1. Concerning prior proceedings, see *In re Painewebber Securities Litigation,* 151 FRD 248 (SDNY 1993); *Perry v. ICN,* 1994 US Dist LEXIS 3120 (SDNY March 14, 1994).

2. The class action has been settled as to the defendant PaineWebber. See *In re PainWebber Securities Litigation,* 1994 WL 416020 (SDNY Aug 5, 1994) (concerning award of fees and expenses).

Plaintiff filed his suit in Indiana in 1987 and has taken no discovery or other affirmative steps to litigate the merits at any time, other than a 1994 request for a discovery schedule. The moving defendants successfully requested transfer of plaintiff's claims from Indiana to this district, but likewise have taken no affirmative steps to litigate the merits with plaintiff. Discovery has been taken in the class actions, from which plaintiff has opted out; such discovery may benefit plaintiff, and no harm to him from it has been suggested. Any inability to obtain judicial discovery if arbitration is ordered is a consequence of the arbitration agreement signed by plaintiff.

Under these circumstances no waiver of arbitration can be inferred and no improper prejudice to plaintiff from referral to arbitration has been shown. See generally *Rush v. Oppenheimer*, 779 F.2d 885 (2d Cir.1985). Under the United States Arbitration Act (Title 9 USC), the agreement is enforceable. *Moses H. Cone Memorial Hospital v. Mercury Construction*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); *Deloitte Noraudit v. Deloitt Haskins & Sells*, 9 F.3d 1060, 1063 (2d Cir.1993).

Pendency of a suit by plaintiff against ICN and others concerning overlapping subject matter cannot deprive the moving defendants of the benefit of their arbitration agreement with plaintiff; otherwise arbitration could be defeated at any time when related litigation with nonsignatories of the arbitration agreement was initiated. This would destroy the usefulness of arbitration in many complex commercial contexts, contrary to the objectives of the United States Arbitration Act. No authority for giving effect to such a means of bypassing arbitration agreements has been provided.

■ Arbitration agreements with institutional entities also cover claims against their employees based on the same facts, including here the defendant McEnroe. *Scher v. Bear Stearns & Co.*, 723 F.Supp. 211, 212–17 (S.D.N.Y.1986); *Roby v. Corporation of Lloyd's*, 996 F.2d 1353, 1360 (2d Cir.), *cert. denied*, — U.S. —, 114 S.Ct. 385, 126 L.Ed.2d 333 (1993). Plaintiff can hardly be prejudiced insofar as Prudential is a solvent and fully responsible party. *Chambers v. Capital Cities*, 851 F.Supp. 543, 546 (S.D.N.Y.1994).

SO ORDERED.

### ORDER

WHEREAS, by notice of motion dated July 26, 1994 defendants Prudential Securities Incorporated ("PSI") and John McEnroe ("McEnroe") moved this Court for an order compelling plaintiff D.C. Perry to arbitrate his claims against PSI and McEnroe (the "Motion"); and

WHEREAS, the Court having read and considered the affidavit of Andrew Sidman, Esq., sworn to July 26, 1994 together with the exhibits attached thereto, and the Memorandum of Law dated July 26, 1994, all submitted in support of the Motion; and

WHEREAS, the Court having read and considered the affidavit of Gordon Dempsey, Esq., sworn to August 22, 1994 together with the exhibits attached thereto, and the Memorandum of Law dated August 22, 1994, all submitted in opposition to the Motion; and

WHEREAS, the Court having read and considered the Reply Memorandum of Law dated September 12, 1994, submitted in further support of the Motion; and

WHEREAS, after due deliberation on the papers submitted in support of and in opposition to the Motion, and the Court having decided the Motion by written Memorandum Order dated September 20, 1994;

Now on motion of Butler, Fitzgerald & Potter A Professional Corporation, attorneys for PSI and McEnroe, it is

ORDERED, that plaintiff's claims against PSI and McEnroe in this action be and are permanently stayed, pending plaintiff's commencement of an arbitration against PSI and McEnroe before the National Association of Securities Dealers, Inc. in accordance with plaintiff's forum selection pursuant to the Client's Agreement between plaintiff and PSI dated December 5, 1986 and a letter dated July 29, 1994 from Gordon Dempsey, Esq. to Andrew Sidman, Esq., responding to

a letter dated July 22, 1994 from Andrew W. Sidman, Esq. to Gordon Dempsey, Esq., copies of which are annexed hereto as Exhibits A, B, and C respectively.

IT IS FURTHER ORDERED that plaintiff's claims against PSI and McEnroe shall thereafter be dismissed with prejudice, ten (10) days after receipt by the Clerk of this Court of notification of plaintiff's commencement of an arbitration in accordance with the foregoing paragraph.

SO ORDERED.