**Christine LIPIRO, Michelle Caruso, and Stacy Savige, Plaintiffs,**

v.

**REMEE PRODUCTS, Elias Muhlrad, Kenneth Pimental, and Joseph Chiariello, Defendants/Third–Party Plaintiffs**

v.

**Judy Neuffer, Third–Party Defendant**

No. 98 Civ. 2849 (BDP).

United States District Court,
S.D. New York.

Nov. 8, 1999.

---

Joseph Chemaria Maya, Maya & Associates, PC, Westport, CT, for plaintiffs.

Joel E. Cohen, McDermott, Will & Emery, NY, for defendant.

## MEMORANDUM DECISION AND ORDER

BARRINGTON D. PARKER, Jr., District Judge.

Plaintiffs Christine Lipiro, Michelle Caruso, and Stacy Savige commenced an action alleging sex discrimination and retaliation against defendants Remee Products, Elias Muhlrad, Kenneth Pimental and Joseph Chiariello.

Defendant Remee impled Judy Neuffer alleging that Neuffer, another employee who was in charge of monitoring and preventing sexual harassment, is liable to Remee for all or part of any claims brought against it by the first-party plaintiffs.[1] In addition, Remee asserts breach of fiduciary duty and breach of contract claims against Neuffer. The underlying lawsuit settled, leaving only this third-party action.

Before this Court is Neuffer's motion to dismiss the third-party complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for sanctions pursuant to Fed.R.Civ.P. 11. For the reasons stated below, the motion to dismiss is granted, and the request for sanctions is denied.

---

1. Third party plaintiffs Muhlrad, Chiariello and Pimental have requested to be removed from the third-party action. The request is granted.

## BACKGROUND

In deciding a motion to dismiss under Rule 12(b)(6), the Court is required to accept as true all factual allegations in the complaint and must construe any well-pleaded factual allegations in the plaintiff's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Easton v. Sundram,* 947 F.2d 1011, 1014–15 (2d Cir.1991). The following facts are construed accordingly.

In the underlying first-party action commenced on April 22, 1998, plaintiffs Christine Lipiro, Michelle Caruso and Stacy Savage, employees of Remee Products ("Remee"), sued Remee, Remee's president Elias Muhlrad, its vice-president Kenneth Pimental and a supervisor Joseph Chiariello, asserting claims for sexual harassment and retaliation under Section 703 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2, as amended, 42 U.S.C. §§ 2000e–2000e–17 ("Title VII") and Section 296 of the New York Executive law ("Human Rights Law" or "HRL"). On June 24, 1998, defendants filed a complaint impleading Judy Neuffer pursuant to Fed.R.Civ.P. 14(a). As third-party plaintiffs, Remee and the three company officials allege that Neuffer is liable to them for all or part of the plaintiffs' claims against them. More specifically, they assert claims against her for breach of an employment contract and breach of fiduciary duties.

Remee employed Neuffer as Personnel and Payroll Manager from May 11, 1994 until August 23, 1995. In that position, Neuffer was responsible for general supervision and oversight of all personnel issues and problems and establishing and maintaining employee handbooks, policies and regulations. Third-party plaintiffs allege that her duties included implementation of the company's written policy against sexual harassment and required her to inform Elias Muhlrad, Remee's President, of any allegations of sexual harassment or sexual misconduct by Remee employees or supervisors. Third-party plaintiffs allege that Neuffer failed properly to perform her duties with regard to the prevention of sexual harassment. Specifically, Remee alleges that Neuffer failed to investigate or report several incidents of sexual harassment that were brought to her attention by plaintiffs. These omissions by Neuffer are alleged to have exposed Remee to valid claims by the plaintiffs and to have contributed to the settlement of the underlying action.

## DISCUSSION

A district court's function on a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is to assess the legal feasibility of the challenged claims. *Kopec v. Coughlin,* 922 F.2d 152, 155 (2d Cir.1991). The issue "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683. A court may dismiss a complaint only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Still v. DeBuono,* 101 F.3d 888, 891 (2d Cir. 1996). As noted earlier, allegations contained in the challenged pleading must be accepted as true and construed favorably to the plaintiff. *Walker v. New York,* 974 F.2d 293, 298 (2d Cir.1992).

### 1. Motion to Dismiss

■ Third–Party Defendant's motion to dismiss is granted. Essentially, Remee seeks contribution from Neuffer for any costs it has suffered as a result of plaintiffs' Title VII action against it. The Supreme Court has held that there is no statutory or federal common law right to contribution under Title VII. *See Northwest Airlines, Inc. v. Transport Workers Union of America,* 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981) (employer found liable to female employee for sex discrimination under certain bargaining agreements can not seek contribution under Title VII or the Equal Pay Act against

union which had signed labor agreements). The Court's decision in *Northwest* rested largely on its determination that Title VII did not expressly create a right to contribution in favor of employers, and that Title VII was not created for the special benefit of employers. 451 U.S. at 91–92, 101 S.Ct. 1571; *see also Herman v. RSR Security Services Ltd.*, 1999 WL 174084 (2d Cir. 1999)(no right to contribution or indemnification of employers found liable under Fair Labor Standards Act of 1998); *Rodolico v. Unisys Corp.*, 189 F.R.D. 245, 249 (E.D.N.Y.1999).

 Furthermore, our Circuit held in *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir.1995), that there is no individual liability under Title VII.[2] *See also Hawkins v. 1115 Legal Service Care*, 163 F.3d 684, 689 (2d Cir.1998); *Torres v. Pisano*, 116 F.3d 625, 629 (2d Cir.1997); *Brennan v. City of White Plains*, 67 F.Supp.2d 362, 372 n. 2 (S.D.N.Y.1999); *Salvatore v. KLM Royal Dutch Airlines*, No. 98 Civ. 2450(LAP), 1999 WL 796172, at *7 (S.D.N.Y. Sept.30, 1999). The Court held that imposing liability on an employer's agent would conflict with congressional intent in promulgating Title VII. 66 F.3d at 1314. Under *Tomka*, the original plaintiffs here could not have sued Neuffer directly. Therefor, Remee cannot now shift its Title VII liability to Neuffer by seeking contribution.

Though this Court has found none, there may be grounds for Remee to pursue its breach of fiduciary duty and breach of contract claims against Neuffer to the extent that those claims involve conduct not subsumed by Title VII, and hence not barred by this dismissal. This Court, however, declines to exercise jurisdiction over these remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Castellano v. City of New York*, 142 F.3d 58, 74 (2d Cir.1998).

**2. Rule 11 Sanctions**

██ In her motion to dismiss, Neuffer also seeks sanctions against Remee under Fed.R.Civ.P. 11. Neuffer's request for the imposition of sanctions on third-party plaintiff is denied.

First, Neuffer has failed to comply with the procedural requirements of Rule 11(c)(1)(A), which mandates that

> A motion for sanctions ... shall be *made separately* from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It ... shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Fed.R.Civ.P. 11(c)(1)(A) (emphasis added). Courts have refused to award sanctions based on the failure to comply with these procedures. *See, e.g., Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1327 (2d Cir. 1995); *Scott v. Real Estate Finance Group*, 956 F.Supp. 375 (E.D.N.Y.) *rev'd in part on other grounds*, 183 F.3d 97 (2d Cir.1999); *Collins v. Morsillo*, 94–CV–884, 1994 WL 542204, at *3 (N.D.N.Y. Sep.19, 1994); *Thomas v. Treasury Management Ass'n*, 158 F.R.D. 364, 368–69 (D.Md.1994).

 In addition to the procedural defects in Neuffer's request for sanctions,

---

2. The *Tomka* Court also held that under Section 296(6) of the HRL, which makes it an unlawful discriminatory practice "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so," N.Y. Exec. Law § 296(6), individual defendants may be found personally liable for sexual harassment only where a plaintiff shows that the defendant actually participated in the conduct giving rise to a discrimination claim. 66 F.3d at 1317; *see also Salvatore v. KLM Royal Dutch Airlines*, No. 98 Civ. 2450(LAP), 1999 WL 796172 (S.D.N.Y. Sep.30, 1999); *Poulsen v. City of North Tonawanda, N.Y.*, 811 F.Supp. 884, 900 (W.D.N.Y.1993); *Bridges v. Eastman Kodak Co.*, 800 F.Supp. 1172, 1180–81 (S.D.N.Y.1992); *Wanamaker v. Columbian Rope Co.*, 740 F.Supp. 127, 135–36 (N.D.N.Y. 1990); *but see Falbaum v. Pomerantz*, 891 F.Supp. 986 (S.D.N.Y.1995).

Remee has not alleged that Neuffer actually participated in the conduct giving rise to the discrimination claims against it, only that she failed to bring the conduct to its attention.

she has not shown that third party plaintiff's claims are frivolous within the meaning of Rule 11(b).[3] Fed.R.Civ.P. 11(b)(2); *see also Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 166 (2d Cir.1999); *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir.1995). Rule 11 "establishes an objective standard, intended to eliminate any 'empty-headed pure-heart justification for patently frivolous argument.'" *Simon DeBartolo*, 186 F.3d at 166 (internal quotations omitted). The Rule requires an attorney to conduct a reasonable inquiry into the validity under the law of asserted claims. *See id; Motown Productions, Inc. v. Cacomm, Inc.*, 849 F.2d 781, 784 (2d Cir.1988); *Ametex Fabrics, Inc. v. Just in Materials, Inc.*, No. 94 Civ. 5226(DLC), 1996 WL 428391, at *1 (S.D.N.Y. July 31, 1996). In determining whether an argument is merely losing or whether it is "merely losing and sanctionable," a court must resolve all doubts in favor of the signer. *Ametex*, 1996 WL 428391, at *2 (citing *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir.1993)). Furthermore, the Second Circuit has cautioned judges to refrain from imposing sanctions "where such action would stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *Motown Productions*, 849 F.2d at 785 (internal quotations omitted).

Neuffer has not demonstrated that Remee's complaint presents legal arguments that are frivolous. The Court finds the third-party plaintiff's legal arguments objectively reasonable.

## CONCLUSION

For the foregoing reasons, Neuffer's motion to dismiss the third-party com-

---

plaint is granted and Neuffer's request for sanctions is denied.

**SO ORDERED.**

---

**3.** Rule 11(b) provides in pertinent part:

By presenting to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]